### Richard Ferguson, Jr., v. Charles Godsham's Assignee, et al.

### Charles Godsham's Assignee, et al., v. W. A. Richardson.

**Landlord's Lien—How Lost.**

> Where property is removed openly from leased premises and without fraudulent intent, and not returned, the landlord's lien is lost as to it unless asserted by a procedure within fifteen days from the time of removal.

**Priority of Liens.**

> The landlord's lien is superior to a mortgage lien when it has not been waived.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 21, 1878.

OPINION BY JUDGE PRYOR:

By leaving the execution creditor, whose debt has been satisfied, to retain his money, we get rid of some of the seeming trouble in the way of a correct judgment in this case. The sheriff sold the property upon its surrender by the debtor regardless of the lien of the landlord, and Ferguson purchased it the same way. He has satisfied Godsham's debt by voluntarily becoming the purchaser of this property on which the lien existed, and the doctrine of caveat emptor certainly applies as between him and the plaintiff in the execution. The appellant, Ferguson, having paid off more of the debt than he realized out of the property purchased, asked the aid of a court of equity to enforce the collection of his claim by selling other property on the premises subject to the lien of the landlord. Richardson then attached as well as obtained his distress warrant, and although his claim was to be heard in a different tribunal, it was proper that the chancellor should take cognizance of the case in order to determine the priority of liens as between the parties, and the appellant Ferguson cannot object, as he has invoked the aid of the chancellor for that purpose.

It turns out on the hearing that the appellant, Ferguson, has purchased property subject to a lien for one year's rent due and to become due, and that the property, instead of being removed from the rented premises, is left to remain where it was when the purchase was made. The statute will not authorize the conclusion arrived at by this court, under a different statute in the case of *Craddock v. Riddlesbarger,* 2 Dana 205. The statute contemplates an actual removal and provides: "That if such property be removed openly from the leased premises and without fraudulent intent, and not returned, the lien of the landlord shall be lost as to it, unless the same be asserted by proper procedure within fifteen days from the day of removal." Sec. 3, Art. 2, page 604, General Statutes.

So in the case the landlord still retains his lien, and having asserted it the question of priority is alone to be determined; and that the statute recognizes his lien as superior to that of the appellant cannot be doubted. The court in rendering the judgment, instead of requiring Godsham to refund and the appellant, Ferguson, to refund to Godsham, should have adjudged the property purchased under the execution and on the premises, as well as any other property subject to the landlord's lien, to be sold to satisfy the one year's rent due and to become due, and after satisfying the rent to apply the balance to

Ferguson's claim. Ferguson was liable for the whole debt, and had nothing to indemnify him except the property mortgaged, and the mortgage lien and the execution lien were both subordinate to that of Richardson.

If a stranger to the mortgage or the original debt had purchased the property he could not have held it as against the lien of the landlord, and Ferguson's purchase is in effect a purchase subject to the landlord's lien. The judgment as to both Godsham and Ferguson is *reversed,* and cause remanded for further proceedings consistent with this opinion.

As to Godsham his claim for deduction of rent will inure to the benefit of the appellant, Ferguson.

*D. M. Rodman, for appellant.*

*James S. Pirtle, Barnett & Noble, for appellees.*